# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MICHAEL L. FOGLE, | ) |
| | ) |
| Petitioner[1], | ) |
| | ) |
| v. | ) No. 4:08CV1398 DJS |
| | ) |
| MISSOURI DEPARTMENT OF | ) |
| MENTAL HEALTH, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of petitioner for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that petitioner is financially unable to pay any portion of the filing fee. As a result, petitioner will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the petition and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

---

[1] Petitioner has filed this case as a petition for writ of mandamus, pursuant to 28 U.S.C. § 1651. The Court believes that petitioner's action would better be construed as a complaint under 42 U.S.C. § 1983. Nonetheless, because petitioner's case is subject to dismissal under 28 U.S.C. § 1915, the Court will leave the docket as originally styled by petitioner.

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a petition filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se petition under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Petition**

Petitioner, a civilly-committed resident of the Missouri Sexual Offender Treatment Center, filed the instant application for writ of mandamus pursuant to 28 U.S.C. § 1651. Petitioner alleges that the Missouri Department of Mental Health's decision to name the facility in which he is currently residing the "Missouri Sexual

Offender Treatment Center," is in violation of Chapter 630, Section 505 of the Missouri Revised Statutes, which reads as follows:

> The department shall designate the names of each of its facilities. No official name shall contain terminology which, from a public standpoint, could be regarded as stigmatizing or denigrating.

Petitioner claims that the words "Sexual Offender" in the title of the facility are "obviously and blatantly stigmatizing, which clearly violates the plain intent of the statute." Petitioner also claims that the stamping of the outgoing mail with the words, "Mailed from the Missouri Sexual Offender Treatment Center," is in violation of the Health Insurance Portability and Accountability Act ("HIPAA"). Pub.L. No. 104-191, 110 Stat. 1936, 42 U.S.C. §§ 1302d, et seq., and/or his right to privacy in that it makes the writer's location [in a Missouri mental health facility] publicly available to unintended third parties. Petitioner also claims that the practice of stamping outgoing mail with the name of the facility "chills his First Amendment, free speech rights."

Petitioner requests that the Court order the Missouri Department of Mental Health to do two things: 1) remove the words "Sexual Offender" from the name of the facility and/or 2) allow residents the ability to use the initials "MSOTC" in the return address in lieu of the rubber stamp which denotes the full name of the facility.

**Discussion**

The First Amendment provides that "Congress shall make no law...abridging the freedom of speech." U.S. Const. Amend. I. Petitioner claims, in a conclusory manner, that the mere stamping of the name of the facility in which he currently resides "chills" his right to free speech. Petitioner's allegations fall far short of alleging a First Amendment violation, as he has not provided any factual assertions stating how his speech has been restricted or interfered with. The very fact that someone may choose not to accept mail from him because he has been labeled a sexual offender does not state a claim for a First Amendment violation.

Nor has petitioner stated a claim for a deprivation of a constitutional right to privacy. Recognition of a right to privacy depends on whether the person seeking its protection has a legitimate expectation of privacy, one that is both subjective and recognized by society generally. Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). The announcement on the outgoing mail that petitioner is a resident of MSOTC merely informs the recipient that the mail is being sent by someone at MSOTC. It is axiomatic that the petitioner's choice to send mail from his facility necessarily reveals to others that he is a resident of MSOTC. Petitioner assumes the risk that information regarding his whereabouts will be disclosed when he decides to

write a letter. See, e.g., Smith v. Maryland, 442 U.S. 735 (1979). Thus, the stamp that the letter is being sent from MSOTC does not implicate a legitimate privacy right.

Even if the facility name stamp reveals that petitioner is a "patient" at MSOTC (i.e., a "sexually violent predator" who is being confined for security and treatment purposes), the Court finds that petitioner does not have a constitutionally protected right to privacy that prohibits the respondent from disclosing such information. Presumably the determination that petitioner was a "sexually violent predator" was made in open court and entered into the state court's public records. Additionally, because petitioner gives his full name and states the reasons for his current detention in the instant complaint which, of course, is part of this Court's public record available to anyone with the time and interest to read it, there seems to be no secret that petitioner is a person confined at MSOTC as a "sexually violent predator." Given all of these circumstances petitioner does not have a "legitimate expectation of privacy" prohibiting the disclosure of the fact that the state charged, proved, and is confining and treating him as a "sexually violent predator" at MSOTC. Cf. Paul v. Davis, 424 U.S. 693, 701, 713 (1976) (due process clause does not create a liberty interest in keeping the fact of one's incarceration secret because stigma associated with acknowledgment of incarceration is not sufficient to invoke its protection). Similarly, petitioner's claims that the identification of the facility in which he resides on his outgoing mail violates

the privacy provisions of HIPAA cannot sustain a claim for relief. Assuming for the sake of argument that the identification does run afoul of HIPAA's privacy rules, the complaint should still be dismissed. Every court that has considered the issue has held that HIPAA does not create a private cause of action for violations of the act. See Johnson v. Quander, 370 F.Supp.2d 79, 99-100 (D.D.C.2005); Munoz v. Island Fin. Corp., 364 F.Supp.2d 131, 136 (D.Puerto Rico 2005); Univ. of Co. Hosp. Auth. v. Denver Publ'g Co., 340 F.Supp.2d 1142, 1145-46 (D.Colo.2004); O'Donnell v. Blue Cross Blue Shield of Wyoming, 173 F.Supp.2d 1176, 1179-80 (D.Wyo.2001); see also Gaul v. Hughes Pharmacy Services Inc., 2005 WL 1491216 (N.D. Ia. June 23, 2005); Rigaud v. Garofalo, 2005 WL 1030196 (E.D.Pa. May 2, 2005); Johnson v. Parker Hughes Clinics, 2005 WL102968 (D.Minn. Jan. 13, 2005); Rzayeva v. U.S., 492 F.Supp.2d 60 (D. Conn. 2007); Dominic J. V. Wyoming Valley West High School, 362 F.Supp.2d 560 (M.D. Pa. 2005); Segen v. Buchanan General Hosp., Inc., 552 F.Supp.2d 579 (W.D. Va. 2007); Acara v. Banks, 470 F.3d 569 (5th Cir. 2006); Runkle v. Gonzales, 391 F.Supp.2d 210 (D.D.C. 2005);

In light of the fact that it is dismissing the federal claims in this case, the Court will decline to exercise supplemental jurisdiction over petitioner's remaining state law contention that the name of the facility violates Mo.Rev.Stat. 630.505. 28 U.S.C. § 1367.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the petition because the petition is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this  15th  day of December, 2008.

/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE